IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRAVIS WADE BRADEN,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DAVID BARTONI,** *et al.*,<br><br>**Defendants.** | Case No. 23-cv-03588-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This case is before the Court for case management purposes.

First, Defendant Lampley has failed answer the Complaint. On October 23, 2024, Lampley returned an executed waiver of service. (Doc. 52). That same day, Attorney Joseph Bleyer enter his appearance on behalf of Lampley. (Doc. 53). Lampley's deadline for filing an answer was December 23, 2024, but nothing further has been received. The Court will sua sponte extend the deadline for Lampley to file an answer to **January 24, 2025**. Defendant Lampley is warned that a failure to file a timely answer may result in a default judgment against him.

Second, on November 19, 2024, Defendants Stephanie and Beckemeyer were directed to file the redacted version of the exhibit at Doc. 51-1 formally on the docket, and they have failed to do so. (Doc. 56). Since then, Plaintiff has filed a motion to strike. (Doc. 59). In the motion, Plaintiff asks the Court to strike certain exhibits filed in support of the motion for summary judgment filed by Defendants Stephanie and Beckemeyer. He argues that they are immaterial and provided to the Court for prejudicial purposes. Plaintiff also points out that Defendants have failed to redact his date of birth and social security number from one page of the redacted version of Doc. 51-1 (currently found as an attachment at Doc. 55-1).

Plaintiff's motion to strike is **DENIED**. (Doc. 59). In general, motions to strike are disfavored; especially in cases such as this where the request to strike does not serve a purpose in refining the issues or aiding in a more expeditious resolution of the litigation. The Court has already denied the motion for summary judgment as premature. (Doc. 56).

That being said, as Plaintiff states, many of the exhibits attached to the motion for summary judgment are totally irrelevant to the issue of exhaustion. The inclusion of irrelevant documents can cause a waste of judicial resources because the Court carefully reviews documents submitted at the summary judgment phase. Defense Counsel should avoid the inclusion of unnecessary documents in the future. Additionally, Defense Counsel is advised that pursuant to local rule, when filing a brief in support of a motion for summary judgment, each paragraph within the statement of material facts section "must contain specific citation(s) to the record, including page number(s)." SDIL-LR 56.1. Simply referencing "Exhibit 1," which contains 206 pages is not sufficient.

Because Doc. 55-1, page 46, contains Plaintiff's date of birth and social security number, the Clerk of Court is **DIRECTED** to **SEAL** Doc. 55-1. Defendants shall file the redacted version of the exhibit **on or before January 24, 2025**.[1] Failure to follow the Court's instructions will result in sanctions.

And finally, Plaintiff has filed a second motion for the recruitment of counsel, which is **DENIED**.[2] (Doc. 60). Plaintiff discloses six unsuccessful efforts to contact attorneys via written correspondence and includes declination letters from each law firm. Accordingly, he appears to

---

[1] The Court is primarily concerned with the public disclosure of Plaintiff's social security number. Plaintiff has already filed hundreds of documents on the public record containing his date of birth. (*See* Doc. 1). Pursuant to the local rules, the redaction of personal identifies rests with the parties. SDIL-LR 5.1. The Court will no review each filing for compliance.

[2] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action pro se, Plaintiff indicates that he has no legal education, and he is currently undergoing mental health treatment for severe mental illnesses and taking psychiatric medications. Plaintiff further states that he currently resides in the behavior modification unit on isolation custody status at Joliet Treatment Center. The conditions of his confinement have resulted in very little access to the law library and interference with his ability to (1) timely file documents with the Court; (2) conduct research and investigation; and (3) access and review discovery.

Nonetheless, the Court finds that Plaintiff can proceed pro se, at least for now. As the Court previously observed (Doc. 15), Plaintiff has some college education, and his submissions are well above the average pro se litigant. He clearly understands the issues and the directions of the Court. Plaintiff has been a diligent advocate for himself, and his arguments are often supported by case law and exhibits. At this early stage in the case, no discovery or extensive research is necessary, and the Court will generally grant motions for extension of time as needed. Accordingly, Plaintiff appears competent to try this matter without representation at this time. Once discovery on the merits has commenced, if Plaintiff has significant difficulty, he may refile his motion.

**IT IS SO ORDERED.**

**DATED: January 17, 2025**

                                                      *s/Stephen P. McGlynn*
                                                     **STEPHEN P. MCGLYNN**
                                                     **United States District Judge**